BRISCOE, Chief Judge,
concurring.
I write only to address Aegis’s claim that it should not be responsible for paying prejudgment interest on the settlement amount or for paying Avalon’s attorneys’ fees and expenses. I agree with the majority’s conclusion that Aegis is liable for these costs, but would not rely on the term “omission” in Section 12.2 to reach that result. The difficulty with relying on the term “omission” to impose liability on Aegis is that Section 12.3, which describes Brighton’s indemnification responsibilities under the contract, uses the same language, requiring Brighton to indemnify Aegis from any “acts, errors or omissions ” of its own. Thus, if we read Aegis’s failure to defend as an omission under Section 12.2, as the majority does, then we must also read Brighton’s failure to defend as an omission under Section 12.3. Read in this way, these sections suggest that Aegis may not in fact be responsible for the costs that resulted from Brighton’s “omission” (i.e., its failure to defend Avalon), which would include, inter alia, Aval *803 on’s attorneys’ fees and expenses.[1]
Instead, I would read Section 12.2’s language requiring Aegis to indemnify Brighton from “any and all ... [Bosses ... incurred directly or indirectly from any acts ... of Aegis” as being broad enough in scope to cover both the prejudgment interest and Avalon’s attorneys’ fees and expenses. In other words, in my opinion, these costs, which Avalon incurred when it was forced to defend against the lawsuit because Aegis and Brighton refused to do so, are close enough in relation to the Miller lawsuit to fall within the scope of a loss resulting indirectly from Aegis’s act of pushing Ms. Miller in the wheelchair.

. As pointed out by the majority, Aegis has not argued that it can recoup its losses because of Brighton's "omission” (failure to defend) under the Brighton-Avalon agreement. I raise this point only to highlight the problem with relying on Aegis’s “omission” (failure to defend) when requiring Aegis to indemnify Brighton for what it paid out in attorneys’ fees, expenses and prejudgment interest. Both Brighton and Aegis failed to defend when called upon to do so. Consequently, both parties are guilty of "omissions” under the terms of the Brighton-Aegis indemnity agreement.